UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| MICHAEL MILAM, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| CBE GROUP INC., | ) |
| Defendant. | ) |

Plaintiff, Michael Milam, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, hereby alleges against Defendant, CBE Group Inc. (hereinafter "Defendant"), as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, (hereinafter "TCPA") the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), and the Iowa Debt Collection Practices Act, Iowa Code § 537.7103 *et seq.*, (hereinafter "IDCPA").

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d) and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Erin, Tennessee, 37061 and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is an Iowa corporation, with its corporate address as 131 Tower Park Drive, Suite 100, Waterloo Iowa 50704 and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 5 above and incorporates them as if set forth specifically herein.

7. Defendant has engaged in a course of activity intent on the collection of a debt derived from phone services. Phone services debt has long been held to be "consumer debt."

8. To this end, the collection of a consumer debt, Defendant has made calls to Plaintiff's cellular phone.

9. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

10. On numerous occasions Plaintiff has fielded Defendant's calls and made oral requests for a cessation of all telephone contact. Defendant has also sent text messages requesting the

cessation of all contact. Despite this, and as of the date of this filing, Defendant has continued to call.

11.     Upon information and belief, it was Defendant's intention to continually call Plaintiff in an effort to harass him to the point of tendering payment on the debt.

12.     After Plaintiff made multiple requests for a cessation of telephonic contact, and with Defendant continuing to call despite the requests, Plaintiff sent Defendant a written request to cease telephonic contact. The written cease request was received by Defendant on July 27.

13.     In total, Defendant called Plaintiff a minimum of twenty-one (21) times.

14.     On July 27, 2015 alone, Defendant called Plaintiff (9) times.

15.     On July 28th, 2015, Defendant called Plaintiff five (5) times.

16.     Of the at least twenty-one (21) calls, Defendant has placed to Plaintiff, at least fourteen (14) were made after Defendant's receipt of the cease and desist.

17.     Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

18.     Upon information and belief, Defendant was knowledgable of the fact that the calls were being placed to a cellular device.

19.     Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

# COUNT I
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
# 47 U.S.C. § 227 *et seq.*

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19 above and incorporates them as if set forth specifically herein.

21. Upon information and belief, Plaintiff has never provided consent, in any form, that would permit Defendant to place phone calls to his cellular phone, or any other device, which utilize an automated dialer system or that contain pre-recorded messages.

22. On numerous occasions Plaintiff has fielded Defendant's calls and made oral requests for a cessation of all telephone contact. Despite this, and as of the date of this filing, Defendant has continued to call.

23. After Plaintiff made multiple requests for a cessation of telephonic contact, and with Defendant continuing to call despite the requests, Plaintiff sent Defendant a written request to cease telephonic contact. The written cease request was received by Defendant on July 27.

24. In total, Defendant called Plaintiff a minimum of twenty-one (21) times.

25. Of the at least twenty-one (21) calls, Defendant has placed to Plaintiff, at least fourteen (14) were made after Defendant's receipt of the cease and desist.

26. Upon information and belief, all calls placed by Defendant, to Plaintiff, were done so utilizing an automated dialer system, as same is defined by the TCPA.

27. Upon information and belief, Defendant was knowledgeable of the fact that the calls were being placed to a cellular device.

28. Upon information and belief, Defendant was knowledgeable that all calls placed were done so utilizing an automated dialer system.

29. Defendant's actions constitute a minimum of twenty-one (21) separate violations of 47 U.S.C. §227(b)(1)(A)(iii), to which their falls no exemption to Defendant's behavior.

30. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Michael Milam, respectfully requests that this Court do the following for the benefit of Plaintiff:

   a. Enter an Order declaring Defendant's actions, as described above, in violation of the TCPA;

   b. Enter judgment against Defendant for all violations of 47 U.S.C. § 227b(1)(A)(iii) and award treble damages for all violations the Court deems willful; and

   c. Grant such other and further relief as may be just and proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19 above and incorporates them as if set forth specifically herein.

32. On numerous occasions Plaintiff has fielded Defendant's calls and made oral requests for a cessation of all telephone contact. Despite this, and as of the date of this filing, Defendant has continued to call.

33. Upon information and belief, it was Defendant's intention to continually call Plaintiff in an effort to harass him to the point of him tendering payment on the debt.

34. After Plaintiff made multiple requests for a cessation of telephonic contact, and with Defendant continuing to call despite the requests, Plaintiff sent Defendant a written request to cease telephonic contact. The written cease request was received by Defendant on July 27, 2015.

35. Of the at least twenty-one (21) calls, Defendant has placed to Plaintiff, at least fourteen (14) were made after Defendant's receipt of the cease and desist.

36. The frequency of these calls harasses Plaintiff in order to induce payment in violation of 15 U.S.C. §1692(d): A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person.

37. Defendant's actions also violate 15 U.S.C. §1692(d)(5): causing a telephone to ring or engaging any person in telephone conversation repeatedly to annoy, abuse, or harass.

38. By continuing to contact Plaintiff after Plaintiff requested that Defendant cease communications, Defendant's actions violate 15 U.S.C. §1692c(c).

39. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Michael Milam, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter a judgment against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

6

Case 6:15-cv-02081-EJM   Document 2   Filed 08/26/15   Page 6 of 8

c. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

d. Grant such other and further relief as may be just and proper.

## COUNT III
## VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT
## Iowa Code. § 537.7103 *et seq.*

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 19 above and incorporates them as if set forth specifically herein.

41. Defendant is a "debt collector" as used and defined under § 537.7102 by engaging in debt collection.

42. On numerous occasions Plaintiff has fielded Defendant's calls and made oral requests for a cessation of all telephone contact. Despite this, and as of the date of this filing, Defendant has continued to call.

43. Upon information and belief, it was Defendant's intention to continually call Plaintiff in an effort to harass him to the point of him tendering payment on the debt.

44. After Plaintiff made multiple requests for a cessation of telephonic contact, and with Defendant continuing to call despite the requests, Plaintiff sent Defendant a written request to cease telephonic contact. The written cease request was received by Defendant on July 27, 2015.

45. Of the at least twenty-one (21) calls, Defendant has placed to Plaintiff, at least fourteen (14) were made after Defendant's receipt of the cease and desist.

46. The frequency of these calls harasses Plaintiff in order to induce payment in violation of § 537.7103(2), preface. A debt collector shall not oppress, harass or abuse a person in connection with the collection or attempted collection of a debt of that person or another person.

47. Defendant's actions also violate § 537.7103(1)(f) by engaging in action prohibited by both § 537.7103(2) and the FDCPA.

48. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Michael Milam, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a.    Enter a judgment against Defendant for actual and statutory damages, pursuant to § 537.5201;

    b.    Award costs and reasonable attorneys' fees, pursuant to § 537.5201;

    c.    Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

49. Plaintiff demands a jury trial on all issues so triable.

Dated this 24th of August, 2015

Respectfully Submitted,

_____/s/J.D. Haas_____
J.D. Haas, Esq.
J.D. Haas & Associates PLLC
10564 France Avenue South
Bloomington, MN 55431
jdhaas@jdhaas.com
Tel: (952) 345-1025
Attorney for Plaintiff